AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>BRENT SHROPSHIRE<br><br>*Defendant(s)* | Case No. 3:20-MJ-313 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 8, 2020__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) and 924(a)(2) | Possession of a firearm after having been previously convicted of a felony offense |

This criminal complaint is based on these facts:

See attached affidavit of FBI Task Force Officer Mollie Hamby

☑ Continued on the attached sheet.

*Complainant's signature*

Mollie Hamby, Task Force Officer, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ *(specify reliable electronic means)*.

Date: 07/09/2020

City and state: Dayton, OH

*Judge's signature*

United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Mollie M. Hamby, a Task Force Officer for the Federal Bureau of Investigation ("FBI") and City of Dayton Police Department officer (hereinafter referred to as the "affiant") being duly sworn, deposes as follows:

## INTRODUCTION

1. Affiant is a Task Force Officer with the United States Federal Bureau of Investigation within the meaning of Title 21, United Stated Code ("U.S.C."), Section 878. That is, an officer of the United States who is empowered by law to conduct criminal investigations of and to make arrests for offenses enumerated in 21 and 18 U.S.C. § 878.

2. Your Affiant has been employed in law enforcement for the past seventeen years. I currently serve as an officer with the Dayton Police Department. In approximately October 2019, I became a Task Force Officer with the FBI Safe Streets Task Force. Since 2011, I have been dedicated to the investigation of narcotics, firearms and gang offenses. I have been involved in firearm-related arrests, executed search warrants that resulted in the seizure of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance resulting in narcotics purchases.

3. This affidavit is made in support of a criminal complaint against, and an arrest warrant for, Brent Shropshire ("SHROPSHIRE") for a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (felon in possession of a firearm). This affidavit does not contain all information known to me regarding this alleged offense, but only those facts necessary to establish probable cause.

## FACTS

1. On or about July 8, 2020, Detective Sergeant Ryan Halburnt was working in plain clothes, operating a unmarked vehicle. He was conducting surveillance in the area of 3200 West Riverview Avenue, parked on the street facing east. At approximately 1231 hours, while sitting in his vehicle, he heard a vehicle coming towards him from behind due to the vehicles loud engine. He looked in the rear view mirror and saw a green Buick LaSabre traveling east at a high rate of speed. This vehicle was traveling so fast when it passed it shook his parked vehicle. Detective Sergeant Halburnt visually estimated the Buick's speed at 70 miles per hour on a residential street with 25 miles per hour posted speed limit.

2. Detective Sergeant Halburnt observed the Buick, bearing Ohio license plate HNY1953, continue east until it reached the dead end of the street and brake heavily to avoid metal poles that were anchored in the street to prevent vehicles from continuing. The vehicle performed a three point turn then stopped on the north side of West Riverview Avenue, east of Canfield Avenue.

3. Detective Sergeant Halburnt advised Detective Erick Hamby on the radio to conduct a traffic stop. Due to the vehicles position Detective Erick Hamby, who was driving a marked cruiser, conducted a traffic stop with the front end of the marked cruiser facing the front end of the Buick.

4. Detective Erick Hamby approached the driver side of the vehicle while Detective Sergeant Halburnt approached the passenger side. A large open bottle of Jose Cuervo Silver 1800 was sitting in the front passenger seat. The driver and sole occupant of the vehicle, SHROPSHIRE, had money and paperwork all over his lap and his hands were shaking. Detective Erick Hamby asked him to step out of the vehicle. As he stepped out of the vehicle Detective Sergeant Halburnt asked SHROPSHIRE if he had a valid driver's license and he said "no". SHROPSHIRE was handcufed and walked to the back of his vehicle. As he walked, Detective Sergeant Halburnt saw

SHROPSHIRE'S gym shorts were being weighed down on the right side and something heavy was swinging back and forth in his pocket. Based on his experience Detective Sergeant Halburnt believed SHROPSHIRE had a gun in his pocket. Detective Sergeant Halburnt conducted a pat down for weapons and when patting down SHROPSHIRE'S right shorts pocket he felt what he immediately recognized to be a grip of a handgun. He removed the handgun from SHROPSHIRE'S pocket.

5. Detective Sergeant Halburnt unloaded the handgun that had one bullet in the chamber and no magazine. The hangun was a .40 caliber Springfield XD-40, serial number MG200579.

6. Detective Sergeant Halburnt walked to the driver compartment of SHROPSHIRE'S vehicle and saw an extended magazine lying in plain view on the driver side floorboard. The magazine was recovered and found to be loaded with 13 live rounds of ammunition.

7. Detective Sergeant Halburnt read SHROPSHIRE his miranda rights and conducted an interview. During the interview SHROPSHIRE stated he was driving so fast because he thought a vehicle was following him. He stated about 10 weeks ago he was sucker punched so he had the gun for protection. He knew he wasn't allowed to have a gun but protection was more important.

8. I have conducted a criminal history records check concerning SHROPSHIRE and determined that SHROPSHIRE has been previously convicted of the following felony, which was punishable by a term of imprisonment exceeding one year, on or about July 9, 2009, in United States District Court, Southern District of Ohio, Case Number 3:09-cr-00012, Possession with intent to distribute 5 grams or more of cocaine base and Possession of a Firearm by a Convicted Felon;

9. Special Agent Christopher Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who specializes in identifying firearms and their origin/place of manufacture, has advised that Springfield Armory firearms are not manufactured in Ohio; as such, the Springfield Armory firearm recovered in this case moved in interstate commerce.

10. Based on the above mentioned facts, I assert that there is probable cause to believe that SHROPSHIRE violated 18 U.S.C. § 922(g)(1) and § 924(a)(2) (felon in possession of a firearm).

Further your Affiant sayeth naught.

Mollie M. Hamby, Task Force Officer
Federal Bureau of Investigation,

Subscribed and sworn to before me this 9 day of July, 2020.

Sharon L. Ovington
United States Magistrate Judge